STATE OF MAINE                                  SUPERIOR COURT
KENNEBEC, SS.                                   CIVIL ACTION
                                                DOCKET NO.

PRIME TANNING CO., INC. and         )
PRIME TANNING CORP.,                )
                                    )
            Plaintiffs              )   **COMPLAINT FOR DECLARATORY**
                                    )   **JUDGMENT AND BREACH OF**
v.                                  )   **CONTRACT**
                                    )
LIBERTY MUTUAL INSURANCE            )
COMPANY,                            )
                                    )
            Defendant               )

NOW COME the Plaintiffs, Prime Tanning Co., Inc. and Prime Tanning Corp., by and through their counsel, Norman, Hanson & DeTroy, LLC, and state the following in support of their complaint for declaratory judgment:

## PARTIES

1. At all times relevant hereto, the Plaintiff Prime Tanning Co., Inc. has been incorporated under the laws of the State of Maine, having its principal place of business in Hartland, Maine.

2. At all times relevant hereto, the Plaintiff Prime Tanning Corp. has been incorporated under the laws of the State of Missouri, having its principal place of business in Missouri.

3. At all times relevant hereto, the Defendant Liberty Mutual Insurance Company has been a corporation engaged in the business of insurance and authorized to conduct the business of insurance in the State of Maine.

4. Liberty Mutual has issued for delivery and delivered insurance policies in Maine, including the insurance policies issued by Liberty Mutual to Prime Tanning Co., Inc. and Prime Tanning Corp.

## THE UNDERLYING CLAIMS AGAINST PRIME TANNING CO., INC. AND PRIME TANNING CORP.

5. Several civil actions have been commenced against Prime Tanning Co., Inc. and Prime Tanning Corp. alleging various injuries and damages, including the following civil actions:

    (a) *Fife v. Prime Tanning Co., Inc., et al.*, Case No. 09CN-CV00458 (Circuit Court of Clinton County, 43rd Judicial District, State of Missouri);

    (b) *Bicket v. Prime Tanning Co., Inc., et al.*, Case No. 09CN-CV00457 (Circuit Court of Clinton County, 43rd Judicial District, State of Missouri);

    (c) *Reid v. Prime Tanning Co., Inc., et al.*, Case No. 09CN-CV00459 (Circuit Court of Clinton County, 43rd Judicial District, State of Missouri);

    (d) *Nicholson, et al. v. Prime Tanning Co., Inc., et al.*, Case No. 09DK-CC00052 (Circuit Court of DeKalb County, State of Missouri);

(e) *Kemper, et al. v. Prime Tanning Co., Inc., et al.*, Case No. 09CN-CV00333 (Circuit Court of Clinton County, 43rd Judicial District, State of Missouri);

(f) *Long, et al. v. Prime Tanning Co., Inc.*, Case No. 09CN-CV00422 (Circuit Court of Clinton County, 43rd Judicial District, State of Missouri);

(g) *Gardner v. Prime Tanning Co., Inc., et al.*, Case No. 08CN-CV00692 (Circuit Court of Clinton County, 43rd Judicial District, State of Missouri);

(h) *Helms v. Prime Tanning Co., Inc., et al.*, Case No. 08CN-CV00693 (Circuit Court of Clinton County, 43rd Judicial District, State of Missouri);

(collectively referred to as the "Civil Actions").

6. Several of the Civil Actions are class actions and all of the Civil Actions relate to the disposal of sludge at various locations in the State of Missouri that allegedly has caused injury and/or damage away from the disposal sites

## INSURANCE COVERAGE

7. Liberty Mutual issued comprehensive general liability ("CGL") insurance policies to Prime Tanning Co., Inc. for successive periods from May 1, 1977 to July 1, 1979 and from July 1, 1980 to July 1, 1985.

8. All of the Liberty Mutual policies also included Prime Tanning Corp. as an insured.

9. Prime Tanning Co., Inc. and Prime Tanning Corp. have notified Liberty Mutual of all of the Civil Actions and demanded that Liberty Mutual provide a defense to those actions.

10. With respect to the Civil Actions, Liberty Mutual has either expressly denied a defense to Prime Tanning Co., Inc. and Prime Tanning Corp., or has failed to respond to such request within a reasonable time.

## CLAIM FOR RELIEF

11. The Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 10 inclusive and incorporate the same by reference.

12. The allegations in the complaints filed in the Civil Actions demonstrate a potential that the liability, if any, of Prime Tanning Co., Inc. and/or Prime Tanning Corp., in whole or in part, may be covered by one or more of the insurance policies issued by Liberty Mutual.

13. Liberty Mutual's refusal to assume the defense of Prime Tanning Co., Inc. and Prime Tanning Corp. in each of the Civil Actions constitutes a breach of its obligations under one or more of the insurance policies issued by it to Prime Tanning Co., Inc. and Prime Tanning Corp.

WHEREFORE, the Plaintiffs respectfully request that judgment enter in their favor as follows:

(1) A judgment declaring that Liberty Mutual has an obligation under the insurance policies issued by it to Prime Tanning Co., Inc. and Prime

Tanning Corp. to defend Prime Tanning Co., Inc. and Prime Tanning Corp. in each of the Civil Actions commenced against them identified above;

(2)  That Liberty Mutual reimburse Prime Tanning Co., Inc. and Prime Tanning Corp. for all attorneys' fees and defense costs incurred in the defense of the Civil Actions to date; and

(3)  That Prime Tanning Co., Inc. and Prime Tanning Corp. be awarded their attorneys' fees and costs incurred in this declaratory judgment action.

Dated at Portland, Maine, this 17th day of July, 2009.

_____
James D. Poliquin, Esq., Bar No. 2474
Attorney for Plaintiffs
Prime Tanning Co., Inc.
and Prime Tanning Corp.

NORMAN, HANSON & DeTROY, LLC
415 Congress Street
P.O. Box 4600
Portland, ME 04112-4600
(207) 774-7000