UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PRIME TANNING CO., INC. and PRIME TANNING CORP., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CV-09-359-B-W ) |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION TO INTERVENE**

The plaintiffs in an underlying tort action seek to intervene in a declaratory judgment action initiated by the defendants against their insurer. As the declaratory judgment action concerns only whether the insurer is obligated to defend the tort action, the Court denies the plaintiffs' motion because the requirements of Rule 24 intervention, either as a matter of right or of discretion, have not been satisfied.

**I.    STATEMENT OF FACTS**

Prime Tanning Co., Inc. and Prime Tanning Corp. (Prime Tanning) are defendants in eight lawsuits, all pending in the state of Missouri. Liberty Mutual Insurance Company (Liberty) insured Prime Tanning Co. under a comprehensive general liability policy from May 1, 1977 to July 1, 1979 and from July 1, 1980 to July 1, 1985. *Compl. for Decl. J. and Breach of Contract* (Docket # 1) (*Compl.*). Prime Tanning demanded that Liberty provide a defense to these actions; Liberty declined; and Prime Tanning filed a civil action to obtain a declaratory judgment requiring Liberty to defend it in the Missouri actions. *Id.* Jill Smith, Sandra Turner, Gina Smith, William Kemper, Janet Lasher, Beverly Long, and Norma Bingham (Intervenors) are plaintiffs

in the civil actions pending in Missouri against Prime Tanning and they have moved to intervene in the coverage dispute between Prime Tanning and Liberty. *Mot. to Intervene* (Docket # 16) (*Intervenors' Mot.*). Prime Tanning has no objection; Liberty does. *Id.* at 1; *Mem. of Law in Support of Def. Liberty Mutual Ins. Co. Opp'n to Mot. to Intervene* (Docket # 17) (*Liberty Opp'n*).

## II. DISCUSSION

To get straight to the stumbling block, the Court does not agree that the disposition of this action will affect the Intervenors. *Cf.* Fed. R. Civ. Proc. 24(a) (granting intervention as of right when the moving party "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"). The sole issue in the pending declaratory judgment action is the duty to defend, not the duty to indemnify.[1] Although the

---

[1] The Intervenors marshal a list of cases in which courts have allowed plaintiffs in underlying actions to intervene in pending declaratory judgment actions between the defendant and its insurer. Although some of the cases touch on the duty to defend, they also involve either the duty to indemnify or the legitimacy of the insurance contract itself. *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1379 (7th Cir. 1995) (stating that the insurer brought the declaratory judgment action to seek a determination that "it had no duty to either defend or indemnify" the insured); *Teague v. Bakker*, 931 F.2d 259, 259 (4th Cir. 1991) (allowing intervention where an insurer claimed it had "no obligation to the insureds under the Multimedia Policy for any of the claims asserted by the Teague Intervenors"); *TIG Specialty Ins. Co. v. Financial Web.com, Inc.*, 208 F.R.D. 336, 338 (M.D. Fl. 2002) (stating that the insurer sought to have the insurance policy, "in which the Intervenors claim to have an interest" declared void); *Continental Ins. Co. v. Law Office of Thomas J. Walker*, 171 F.R.D. 183, 184 (D. Md. 1997) (stating that "Continental Insurance Company seeks to have the Court declare that Defendants' insurance policy is void ab initio and that Plaintiff therefore owes Defendants no duty to defend or indemnify in any lawsuits against Defendants"); *St. Paul Fire & Marine Ins. Co. v. Summit-Warren Industries Co.*. 143 F.R.D. 129, 131 (N.D. Oh. 1992) (stating that St. Paul sought a declaratory judgment that it is not responsible for indemnifying Summit-Warren and that it owes no duty to defend); *New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549, 550 (D.R.I. 1986) (stating that New Hampshire Insurance Company brought the declaratory judgment action for a judicial determination that the policy "may properly be rescinded"); *Hartford Acc. And Indemnity Co. v. Crider*, 58 F.R.D. 15, 17 (N.D. Ill. 1973) (stating that "Hartford seeks the declaration that the insurance policy in question does not extend to cover the claim presented by Santucci in the state court action and thus that Hartford has no duty or obligation to appear, defend or indemnify Crider with respect to that claim"). Two cases are inapposite because they involve the intervenors' rights to a common fund and not indemnification under an insurance policy. *See Ruthardt v. United States*, 303 F.3d 375, 386-87 (1st Cir. 2002) (allowing discretionary intervention for state guaranty funds because they had "an enormous practical stake in this case"); *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365 (3rd Cir. 1995) (addressing the distribution to condominium owners of insurance proceeds deposited in a reconstruction fund for distribution). The Intervenors have not cited a case where a court has allowed intervention in a declaratory judgment action involving only the duty to defend and the Court is aware of none. To be clear, the Court does not reach whether these cases are persuasive authority for allowing plaintiffs in a personal injury action

Intervenors claim that the answer to the duty to defend will depend on the answer to the duty to indemnify, the two standards are distinct.  An insurer's "duty to indemnify is independent from its duty to defend and . . . its duty to defend is broader than its duty to indemnify."  *Elliott v. Hanover Ins. Co.*, 1998 ME 138, ¶ 1, 711 A.2d 1310, 1313.  Even assuming the Intervenors have an identifiable interest in indemnification, they have not identified their interest in Prime Tanning securing a defense, as opposed to indemnity, under the terms of the Liberty policy.  *Bridge v. Air Quality Tech. Servs., Inc.*, 194 F.R.D. 3, 5 (D. Me. 1999) (stating that "the intervenor must stand to gain or lose upon a determination of [] liability").  In *Furey v. Executive Risk Indem., Inc.*, No. 01-03, 2001 WL 715732, at *3 (D. Me. June 26, 2001), the Court noted that to the extent the declaratory judgment action sought declaratory relief as to their defense costs, "that is an item for which [the proposed Intervenor] could not recover under the policies in any event."  The same is true here.  The Intervenors do not have a stake in whether Liberty has a duty to defend Prime Tanning.

Further, the Court does not conclude that the existing parties do not adequately represent whatever interest the Intervenors have in the pending declaratory judgment action.  *Cf.* Fed. R. Civ. Proc. 24(a) (granting intervention as of right when certain conditions are met, "unless existing parties represent th[e] interest" of the intervener).  This is not a situation where the purported insured is unrepresented or unmotivated to secure coverage.  To the contrary, Prime Tanning, not Liberty, initiated the declaratory judgment action and Prime Tanning is represented by able counsel who has special expertise in coverage issues.

Moreover, in Maine, "[w]hether an insurer has an obligation to defend its insured against a complaint is a question of law."  *Elliott*, 1998 ME at ¶ 6, 711 A.2d at 1312; *Centennial Ins. Co.*

---

to intervene in a declaratory judgment action when indemnity is at issue but concludes that they are not persuasive authority when indemnity is not.

*v. Patterson*, 564 F.3d 46, 50 (1st Cir. 2009) (quoting *Bucci v. Essex Ins. Co.*, 393 F.3d 285, 290 (1st Cir. 2005)).  The determination is "resolved by comparing the complaint with the terms of the insurance contract."  *Elliott*, 1998 ME at *6, 711 A.2d at 1312.  "The reviewing court is required to [lay] the underlying damage complaint[] alongside the insurance policy and then determine[] [whether] the pleadings [are] adequate to encompass an occurrence within the coverage of the policy."  *Barrett Paving Materials, Inc. v. Continental Ins. Co.*, 488 F.3d 59, 63 (1st Cir. 2007) (quoting *Travelers Indem. Co. v. Dingwell*, 414 A.2d 220, 224 (Me. 1980)).  "If the allegations in the underlying tort action are within the risk insured against and there is *any potential basis* for recovery, the insurer must defend the insured regardless of the actual facts on which the insured's ultimate liability may be based."  *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1352 (Me. 1996) (italics in the original).  Although the Intervenors undoubtedly have personal knowledge about the facts underlying the Missouri lawsuits, it is difficult to envision how that knowledge would be properly considered in the "comparison test" analysis to determine Liberty's duty to defend under Maine law or what other expertise or information the Intervenors would bring to the legal issue that Prime Tanning alone is incapable of presenting.  *Centennial*, 564 F.3d at 50 (stating that Maine employs the "comparison test" for determining whether an insurer has a duty to defend an insured).

Finally, if the Intervenors are not parties to this action, they are not bound by it and are free at the conclusion of their Missouri actions to avail themselves of the Maine reach and apply statute, 24-A M.R.S.A. § 2904.  *See Patrons Oxford Ins. Co. v. Harris*, 2006 ME 72, ¶ 20-21, 905 A.2d 819, 828.  Under Maine law, in fact, there may be a benefit in doing so.  *See* J.H. Simmons, D.N. Zillman, D.D. Gregory, Maine Tort Law § 18.03 (2004 ed.) (stating that the Maine approach to reach and apply actions "represents a significant departure from the rule

prevailing in most states, under which insurers may deny their indemnity obligations in reach and apply actions on the ground that the insured breached a policy provision").

In short, the Court concludes that the Intervenors do not have a right to intervene under Rule 24(a) or, to the extent they seek permissive intervention, under Rule 24(b). The Court will leave the question of whether the insurer owes a duty to its insured to defend the underlying tort actions to the parties to the insurance contract. *Cf.* Fed. R. Civ. Proc. 24(b) (allowing the court to deny permissive intervention when intervention would prejudice the original parties). To do otherwise would unnecessarily complicate a straightforward contract action. Whether Liberty provides coverage to Prime Tanning for any damages the Intervenors might have sustained will not be resolved by this lawsuit.

### III.     CONCLUSION

The Court DENIES the Motion to Intervene (Docket # 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2009